UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE A. MITCHELL,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | No. 4:13CV397 RWS |
| ) | |
| TERRY RUSSELL,   ) | |
| ) | |
| Respondent.   ) | |

### MEMORANDUM AND ORDER

This matter is before me on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the limitations period, and I will direct petitioner to show cause why the petition should not be summarily dismissed. See 28 U.S.C. § 2254, Rule 4.

### Background

On July 8, 2009, petitioner was convicted, after a jury trial, of attempted forcible rape. The trial court found petitioner to be a prior offender and sentenced him to life imprisonment. His sentence was affirmed on direct appeal. See State v. Mitchell, 312 S.W.3d 474 (Mo. Ct. App. 2010). The Missouri Court of Appeals issued its mandate on July 1, 2010.

Petitioner filed his Rule 29.15 motion for postconviction relief on November 8, 2010. The motion court denied the motion without an evidentiary hearing on October 12, 2011, and petitioner appealed.

The Missouri Court of Appeals vacated the judgment of the motion court and remanded with instructions to dismiss the motion as untimely, because petitioner had not filed his original pro se motion within the ninety-day limit prescribed by the statute. Mitchell v. State, 386 S.W.3d 198, 199 (Mo. Ct. App. 2012). The court issued its mandate from the direct appeal on July 10, 2010, and petitioner did not file his pro se motion until November 8, 2010, one hundred thirty days later. Id. at 200. The appellate court held that the ninety-day limit was constitutional and unwaivable under Missouri law. Id.

Petitioner filed the instant petition on February 18, 2013, which is the date he placed it in the prison's institutional mail system.

## Standard

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> . . .
>
> (2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(Emphasis added).

## Discussion

A postconviction motion dismissed by a state court as untimely is not "properly filed" for purposes of § 2244(d)(2), and, in turn, not entitled to tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005). As a result, the limitations period in this action began running on about June 23, 2010, see Mo. Rule 83.02, and it continued to run, without any tolling period, until June 23, 2011, when it expired. Because petitioner did not file the instant habeas petition until February 2013, it is clearly time-barred.

A district court may sua sponte dismiss a habeas action as time barred after giving notice to petitioner. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). Therefore, petitioner shall show cause within thirty days of the date of this Order why this action should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order why his petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 15th day of March, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE