# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE A. MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV397 RWS |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on petitioner's response to my Order directing him to show cause why his § 2254 petition should not be dismissed as untimely. After reviewing the case, it is clear that the petition is barred by the limitations period. As a result, I will dismiss the petition under Rule 4 of the Rules Governing Habeas Cases.

### Background

On July 8, 2009, petitioner was convicted, after a jury trial, of attempted forcible rape. The trial court found petitioner to be a prior offender and sentenced him to life imprisonment. His sentence was affirmed on direct appeal. See State v. Mitchell, 312 S.W.3d 474 (Mo. Ct. App. 2010). The Missouri Court of Appeals issued its mandate on July 1, 2010.

Petitioner filed his Rule 29.15 motion for postconviction relief on November 8, 2010. The motion court denied the motion without an evidentiary hearing on October 12, 2011, and petitioner appealed.

The Missouri Court of Appeals vacated the judgment of the motion court and remanded with instructions to dismiss the motion as untimely, because petitioner had not filed his original pro se motion within the ninety-day limit prescribed by the statute. Mitchell v. State, 386 S.W.3d 198, 199 (Mo. Ct. App. 2012). The court issued its mandate from the direct appeal on July 10, 2010, and petitioner did not file his pro se motion until November 8, 2010, one hundred thirty days later. Id. at 200. The appellate court held that the ninety-day limit was constitutional and unwaivable under Missouri law. Id.

Petitioner filed the instant petition on February 18, 2013, which is the date he placed it in the prison's institutional mail system.

### Standard

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(Emphasis added).

## Discussion

A postconviction motion dismissed by a state court as untimely is not "properly filed" for purposes of § 2244(d)(2), and, in turn, not entitled to tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005). And as the Court previously stated, the limitations period in this action began running on about June 23, 2010, see Mo. Rule 83.02, and it continued to run, without any tolling period, until June 23, 2011, when it expired.

Petitioner argues that the Court should not find the petition to be time-barred because he "has evidence that St. Louis courts received his 29.15 motion in a timely manner." Petitioner then states that he mailed out his 29.15 motion on September 14, 2010, and that it was returned thirty-one days later "with a refu[s]ed tag on it." Petitioner has provided a copy of his 29.15 motion, and it stamped "filed" by the court on November 8, 2010.

First, petitioner has not presented this Court with any evidence suggesting that the factual findings of the Missouri Court of Appeals were incorrect or unreasonable regarding the timeliness of his 29.15 motion. His conclusory assertions do not show that the circuit court actually received his motion. Second, it is too late for petitioner to make this argument; he should have presented it to the Court of Appeals. As a result, the Court finds that petitioner has failed to show cause why the petition should not be dismissed as untimely, and the Court will summarily dismiss this action.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that petitioner's pro se motion [Doc. 5] is **DENIED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 15th day of April, 2013.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE